UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARVIN D. VASSAR,

                Petitioner,

v.                                               9:08-CV-0041
                                                      (DNH)

DALE ARTUS,

                Respondent.

---

APPEARANCES:                               OF COUNSEL:

Marvin D. Vassar
05-B-0970
Petitioner Pro Se
Attica Correctional Facility
Box 149
Attica, New York 14011

HON. ERIC T. SCHNEIDERMAN       PAUL B. LYONS, ESQ.
Attorneys for Respondent              Ass't Attorney General
New York State Attorney General
120 Broadway
New York, New York 10271

DAVID N. HURD
United States District Judge

## DECISION and ORDER

The Clerk of the Court has received papers submitted by Petitioner Marvin Vassar ("Vassar" or "petitioner"). Dkt. No. 43. These submissions include an affidavit of petitioner, dated February 15, 2016, requesting a certificate of appealability, along with the following documents: (1) an Affidavit of Service of Pamela Vassar, dated March 7, 2016, serving a "Brief to Support the Notice of Motion to Amend Writ of Habeas Corpus Petition,"

Dkt. No. 43-1; (2) petitioner's original Memorandum of Law in support of the Habeas Petition, Dkt. No. 43-2; (3) a copy of the original Habeas Petition, Dkt. No. 43-3;[1] (4) an Order of the Appellate Division denying leave to appeal petitioner's § 440 Motion, Dkt. No. 43-4; (5) County Court's Decision and Order denying petitioner's § 440 Motion, Dkt. No. 43-5; (6) an Order of the Appellate Division denying petitioner's motion for a writ of error coram nobis, Dkt. No. 43-6; (7) petitioner's § 440 Motion to County Court, Dkt. No. 43-7; and (8) a copy of petitioner's application for leave to appeal the denial of his § 440 Motion to the Appellate Division, Dkt. No. 43-8.

Although it is not entirely clearly why Vassar filed these papers, it appears he was attempting to submit relevant copies of the State Court Record in accordance with a prior Decision and Order in this case, entered December 1, 2015, which granted petitioner's motion to amend his petition. Dkt. No. 37.

However, Vassar was not required to submit copies of the State Court Record. Pursuant to the prior decision's directive, the "Respondent shall file and serve an answer to the Amended Petition, along with the relevant state court records, within ninety (90) days of the filing date of the Amended Petition." Dkt. No. 37, at 5. Respondent's Answer is currently due on or before May 9, 2016.[2] At that time, respondent will also file and serve the relevant state court records.

The only directive to Vassar in the December 1, 2015 Order was to sign and date the signature page of his amended petition and return it to the Clerk of the Court for filing within

---

[1] The only change noted to the petition and memorandum of law submitted by petitioner is the caption, which was corrected to reflect the proper respondent.

[2] Respondent requested and was recently granted an extension "until May 9, 2016, to file his answer," along with the relevant state court records. Dkt. No. 42, Text Order, entered March 8, 2016.

2

thirty (30) days. Dkt. No. 37, at 4. Petitioner fully complied with this directive.

To the extent Vassar is now seeking a certificate of appealability, Dkt. No. 43, the request is premature because this a decision has not yet been rendered regarding petitioner's amended petition. As such, the request is denied as premature.

Furthermore, Vassar attached copies of his original petition and memorandum of law. Dkt. No. 3-4. Petitioner is advised that his motion to amend his petition was already granted on December 1, 2015, Dkt. No. 37, and his signed amended petition was accepted for filing on December 11, 2015, Dkt. No. 40. The amended petition supersedes the original petition, and the only claims that will be considered are those contained in petitioner's Amended Petition.

It is also noted that in his submissions, Vassar includes documents that identify a rape victim. *see* Dkt. Nos. 43-2, 43-3, 43-7 and 43-8. Under New York law:

> [t]he identity of any victim of a sex offense . . . shall be confidential. No . . . court file or other documents, in the custody or possession of any public officer or employee, which identifies such a victim shall be made available for public inspection.

*See* New York's Civil Rights Law § 50-b.

In light of this provision, the Clerk of the Court was previously directed to seal Vassar's original petition and memorandum of law. Dkt. No. 6, Decision and Order dated January 16, 2008, at 4.

The Clerk of the Court is again directed to seal the following documents: (1) Vassar's memorandum of law in support of the original petition, Dkt. No. 43-2; (2) the petition, with any attached exhibits, Dkt. No. 43-3; (3) the copy of petitioner's § 440 motion, Dkt. No. 43-7; and (4) the copy of petitioner's application for leave to appeal to the Appellate Division, Dkt. No.

3

43-8.

Finally, if the purpose of Vassar's submissions at Docket Number 43 have been erroneously construed, petitioner is directed to respond within thirty (30) days of entry of this Order to clarify the purpose for filing these documents. However, if the above interpretation is accurate, petitioner is advised that he is *not* required to file any further submissions at this time. Upon receipt of respondent's answer to the amended petition, a date will be set by which petitioner may file a reply.

Therefore, it is

ORDERED that

1. The Clerk of the Court shall serve a copy of this Decision and Order upon petitioner and respondent in accordance with the Local Rules;

2. Petitioner's request for a certificate of appealability is DENIED as premature;

3. The Clerk of the Court is directed to seal the petition with accompanying exhibits, the memorandum of law, petitioner's § 440 motion, and petitioner's application for leave to appeal to the Appellate Division, which have been submitted (Dkt. Nos. 43-2, 3, 7 and 8);

4. If necessary, petitioner may file within thirty (30) days of entry of this Order any response to clarify the purpose of his submissions in Docket Number 43;

5. All parties must comply with Rule 7.1 of the Northern District of New York in the filing of motions; and

6. All motions will be decided on papers with no appearances and without oral argument unless otherwise ordered.

IT IS SO ORDERED.

4

_____
United States District Judge

Dated: March 14, 2016
       Utica, New York.