UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

───────────────────────────────

MARVIN D. VASSAR,

                              Petitioner,

        v.                                                9:08-CV-0041
                                                          (DNH)

DALE ARTUS,
                              Respondent.

───────────────────────────────

APPEARANCES:                              OF COUNSEL:

Marvin D. Vassar
05-B-0970
Petitioner Pro Se
Attica Correctional Facility
Box 149
Attica, New York 14011

HON. ERIC T. SCHNEIDERMAN          PAUL B. LYONS, ESQ.
Attorneys for Respondent            Ass't Attorney General
New York State Attorney General
120 Broadway
New York, New York 10271


DAVID N. HURD
United States District Judge

## **DECISION AND ORDER**

## I. **INTRODUCTION**

    Petitioner Marvin D. Vassar ("Vassar" or "petitioner") filed an amended petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254, dated December 8, 2015.  Dkt. No. 39

("Am. Pet.").[1]  Petitioner challenges a 2005 judgment of conviction in Onondaga County

───────────────────────

    [1]  The cited page numbers for the amended petition refer to those generated by the Court's electronic
filing system ("ECF").

Court, of first degree rape, endangering the welfare of a child, and two counts of sexual abuse in the second degree.

In his amended petition, Vassar argues he is entitled to relief on the following grounds: he was denied effective assistance of counsel when his trial counsel "failed to object" to "instances of prosecutorial misconduct" (Ground One); the indictment was defective because the prosecutor presented "prejudicial and inadmissible evidence before the Grand Jury" (Ground Two); the trial court failed to comply with the mandates of "C.P.L. § 270.40 and 310.20(2) in giving its instructions to the jury" (Ground Three); the prosecutor engaged in misconduct (Ground Four); "Counts 2 and 3 of the indictment are multiplicitous" (Ground Five); the evidence was legally insufficient and against the weight of the evidence (Ground Six); the trial court's "Allen charge was unbalanced and deprived" him of a fair trial (Ground Seven); the sentence was "unduly harsh and excessive" (Ground Eight); trial counsel was ineffective for opening "the door to prejudicial and inadmissible medical evidence" (Ground Nine); petitioner is actually innocent of the charged crimes (Ground Ten); and appellate counsel was ineffective (Ground Eleven). Am. Pet. at 6-28.[2]

Respondent opposes the petition. Dkt. No. 50, Answer; Dkt. No. 51, Public State Court Records ("P-SR"); Dkt. No. 52, Memorandum of Law Supporting Response to Petition for a Writ of Habeas Corpus ("Resp. Mem."); Dkt. No. 53-1 through 53-3, Sealed State Court

---

[2] Petitioner filed his original petition in January 2008, wherein he asserted only that his trial counsel was ineffective. Dkt. No. 1. Petitioner was subsequently granted a stay to allow him to return to state court to exhaust certain constitutional claims. Dkt. No. 14, Order, entered June 2, 2008. The stay was lifted on September 1, 2015 (Dkt. No. 34), after which petitioner filed a motion to amend his petition. Dkt. No. 35. Respondent did not oppose petitioner's motion to amend, and the motion was granted December 1, 2015. Dkt. No. 37, Decision and Order.

Records ("SR"); Dkt. No. 53-4 through 53-6, Sealed Transcripts ("T").[3]

For the reasons that follow, the amended petition will be denied and dismissed.

## II. **RELEVANT BACKGROUND**

An Onondaga County Grand Jury returned an indictment charging Vassar with the crimes of Rape in the First Degree (N.Y. Penal Law § 130.35(4)), two counts of Sexual Abuse in the Second Degree (N.Y. Penal Law § 130.60(2)), and Endangering the Welfare of a Child (N.Y. Penal Law § 260.10(1)). Dkt. No. 53-1, Indictment at SR 15-16.

These charges stem from Vassar's actions on February 25, 2004, when, while living with his then-girlfriend and her three children in Syracuse, New York, petitioner was accused of raping and assaulting his girlfriend's 11-year old daughter while they were home alone. *Id.*

A three-day jury trial was conducted in Onondaga County Court commencing on March 7, 2005. Vassar was found guilty of all charges in the indictment. On March 25, 2005, petitioner was sentenced to an aggregate determinate term of imprisonment of 25 years with 5 years of post-release supervision. Dkt. No. 53-6, at T 160-161, 172-173.

The Appellate Division, Fourth Department, unanimously affirmed the judgment of conviction, and on July 25, 2006, the Court of Appeals denied leave to appeal. *People v. Vassar*, 30 A.D.3d 1051 (App. Div. 4th Dep't 2006), *lv. denied*, 7 N.Y.3d 796 (2006).

In June 2012, Vassar filed a pro se motion to vacate his judgment of conviction pursuant to C.P.L. § 440.10. In a decision and order dated March 4, 2013, the trial court denied petitioner's motion in its entirety. P-SR at 366-69. Petitioner's application to the

---

[3] The cited page numbers for the Answer (Dkt. No. 50), Respondent's Memorandum of Law (Dkt. No. 52), and the Transcripts (Dkt. Nos. 53-4 through 53-6) refer to those generated by the court's electronic filing system. The "P-SR" and "SR" page numbers filed at Docket Numbers 51, 53-1 through 53-3, appear at the bottom center of each page.

Appellate Division for leave to appeal was denied on June 12, 2013.  P-SR at 499-500.

In June 2013, Vassar filed a pro se motion in the Appellate Division for a writ of error coram nobis.  The Appellate Division denied the motion, and on February 24, 2015, the Court of Appeals denied petitioner's application for leave to appeal.  *People v. Vassar*, 120 A.D.3d 1610 (4th Dep't 2014), *lv. denied* 24 N.Y.3d 1221 (2015).

## III.  APPLICABLE LAW

### A.  The AEDPA Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas corpus relief with respect to a claim adjudicated on the merits in state court only if, based upon the record before the state court, the state court's decision:  (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. §§ 2254(d)(1), (2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *Premo v. Moore*, 562 U.S. 115, 120-21 (2011); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

This standard is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt."  *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (per curiam) (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks omitted)).  The Supreme Court has repeatedly explained that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's

precedents.'" *Nevada v. Jackson*, __ U.S. __, 133 S. Ct. 1990, 1992 (2013) (per curiam ) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)); *see Metrish v. Lancaster*, __ U.S. __, 133 S. Ct. 1781, 1787 (2013) (explaining that success in a habeas case premised on § 2254(d)(1) requires the petitioner to "show that the challenged state-court ruling rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'") (quoting *Richter*, 562 U.S. at 103)).

Additionally, AEDPA foreclosed "'using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts.'" *Parker v. Matthews*, __ U.S. __, 132 S. Ct. 2148, 2149 (2012) (per curiam ) (quoting *Renico,* 559 U.S. at 779).  In other words, a state court's findings are not unreasonable under § 2254(d)(2) simply because a federal habeas court reviewing the claim in the first instance would have reached a different conclusion.  *Wood v. Allen*, 558 U.S. 290, 301 (2010).  "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold."  *Schriro*, 550 U.S. at 473.

Federal habeas courts must presume that the state courts' factual findings are correct unless a petitioner rebuts that presumption with "'clear and convincing evidence.'" *Schriro*, 550 U.S. at 473-74 (quoting § 2254(e)(1)).  Finally, "[w]hen a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits[.]" *Johnson v. Williams*, __ U.S. __, 133 S. Ct. 1088, 1096 (2013).

### B.  Procedural Bar to Habeas Review

Regardless of the federal claims raised in a petition, a federal judge may not issue a writ of habeas corpus if the state court justifies the prisoner's detention on an independent and adequate state law ground. *Coleman v. Thompson,* 501 U.S. 722, 729 (1991). Thus, a federal court will "not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.* (citations omitted); *see also Harris v. Reed,* 489 U.S. 255, 261-262 (1989). "This rule applies whether the state law ground is substantive or procedural." *Id.*

For example, if the state court "explicitly invokes a state procedural bar rule as a separate basis for decision," the federal court is precluded from considering the merits of the federal claims in a habeas petition. *Harris*, 489 U.S. 255, 264, n.10; *see Fama v. Comm'r of Corr. Servs*, 235 F.3d 804, 809 (2d Cir. 2000) ("The state court must have actually relied on the procedural bar as an independent basis for its disposition of the case" in order to bar federal review in a habeas petition.).

Moreover, if a state court declines to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, but alternatively, or "in any event," rules the argument is without merit, the procedural bar still applies. *Fama*, 235 F.3d at 810, n.4. If there is ambiguity, however, such as "when a state court uses language such as '[t]he defendant's remaining contentions are either unpreserved for appellate review or without merit,' the validity of the claim is preserved and is subject to federal review." *Id.*; *see also Doe v. Perez*, No. 9:13-CV-0921 (DNH/DEP), 2015 WL 7444342 at *3 (N.D.N.Y. Oct. 30, 2015), *adopted* 2015 WL 7432385 (N.D.N.Y. Nov. 23, 2015).

6

A state prisoner who has procedurally defaulted on a federal claim in state court may only obtain federal habeas review "if the prisoner demonstrates cause for the default and prejudice from the asserted error," or that the failure to review the claim will result in a "miscarriage of justice," i.e., that he is actually innocent. *House v. Bell*, 547 U.S. 518, 536-539 (2006); *Maples v. Thomas,* __ U.S.__, 132 S.Ct. 912, 922 (2012); *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

To establish cause, a petitioner must show that some objective external factor impeded his ability to comply with the relevant procedural rule. *Maples*, 132 S.Ct. at 922 (citing *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Prejudice exists if "there is a reasonable probability that the result of the trial would have been different" absent the alleged constitutional violation. *Stickler v. Greene*, 527 U.S. 263, 289 (1999) (citation and internal quotation marks omitted); *see also Howell v. Superintendent, Fishkill Corr. Inst.*, 536 F. App'x 22, 25-26 (2d Cir. 2013).

If a petitioner fails to establish cause, a court need not decide whether he suffered actual prejudice, because federal habeas relief is generally unavailable for procedurally defaulted claims unless both cause and prejudice are demonstrated. *See Murray*, 477 U.S. at 496 (referring to the "cause-and-prejudice standard"); *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985).

To demonstrate "actual innocence," a petitioner must show that it is more likely than not that, but for the alleged constitutional violation, no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327. "'The miscarriage of justice exception is concerned with actual as compared to legal innocence.'" *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)

(quoting *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)); *see Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) ("Actual innocence means factual innocence, not mere legal insufficiency." (citation omitted)).  As such, "a claim of actual innocence must be based on reliable evidence not presented at trial." *Id.*  "Given the rarity of such evidence, 'in virtually every case, the allegation of actual innocence has been summarily rejected.'" *Id.* (quoting *Schlup*, 513 U.S. at 324).

## IV. ANALYSIS

### A. Claims barred by Independent and Adequate State Law Grounds

Many of the claims raised by Vassar in the Amended Petition are procedurally defaulted in light of the Appellate Division's dismissal of the claims on independent and adequate state law grounds.  Specifically, in affirming petitioner's conviction, the Appellate Division expressly held that the following claims were dismissed as unpreserved for appellate review:  (1) the trial court failed to comply with the mandates of "C.P.L. § 270.40 and 310.20(2) in giving its instructions to the jury" (Ground Three); the prosecutor engaged in misconduct (Ground Four); "Counts 2 and 3 of the indictment are multiplicitous" (Ground Five); the evidence was legally insufficient (Ground Six) and; the trial court's "Allen charge was unbalanced and deprived" him of a fair trial (Ground Seven).  *Vassar*, 30 A.D.3d at 1051-1052.

Under New York Law, legal challenges to the indictment, jury instructions, a prosecutor's comments during trial, and the sufficiency of the evidence must be preserved for appellate review.  Pursuant to New York's contemporaneous objection rule, a claim is preserved and "appellate courts will review only those errors of law that are presented at a

time and in a manner that reasonably prompted a judge to correct them during criminal proceedings." *Downs v. Lape*, 657 F.3d 97, 103 (2d Cir. 2011); *see* C.P.L. § 470.05(2) ("For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same."). The Second Circuit Court has held that "the contemporaneous objection rule is a firmly established and regularly followed New York procedural rule." *Id.* at 104.

Here, the Appellate Division specifically rejected Vassar's claims relating to the indictment, jury instructions, the prosecution's alleged misconduct, and the sufficiency of the evidence, based on his failure to object and preserve them. *Vassar,* 30 A.D.3d at 1051-1052. The Appellate Division cited New York's preservation rule as well as New York cases dismissing similar claims as unpreserved on appeal. *Id.* (*citing* C.P.L. §470.05(2); *People v. McRae*, 266 A.D.2d 241 (2d Dep't 1999) (holding the defendant failed to preserve his contention that the court's *Allen* charge was coercive); *People v. Morton*, 23 A.D.3d 411 (2d Dep't 2005) (finding the defendant failed to preserve his claims relating to the jury instructions); *People v. Osuna,* 65 N.Y.2d 822 (1985) (the defendant failed to sufficiently preserve his contention that the prosecutor's comments to the jury were improper); *People v. Gray*, 86 N.Y.2d 10 (1995) (holding a defendant must comply with the preservation rules to raise a claim of legal sufficiency on appeal)).

Since the Appellate Division based its dismissal of these claims on state law preservation grounds, federal habeas review is barred by an adequate and independent state

ground.[4]  This bar to federal review may be lifted, however, if petitioner can show cause for the default and resulting prejudice, or that the failure to review the claim will result in a "miscarriage of justice," i.e., that he is actually innocent.  *House,* 547 U.S. at 536-539; *Maples,* 132 S.Ct. at 922; *Schlup,* 513 U.S. at 327.

Vassar has not alleged or shown cause for the default for any of the above-referenced claims.  Dkt. No. 39, Am. Petition.  Although petitioner raises an ineffective assistance of counsel claim in his amended petition, with the single exception of his prosecutorial misconduct claim, petitioner does not identify his trial counsel's failure to preserve as a basis for his default.  *Id.*[5]  Furthermore, as discussed below, petitioner's ineffective assistance of trial counsel claim is without merit, and therefore does not serve as "cause" for a procedural default.  *Murray*, 477 U.S. at 488-489.  Therefore, having failed to raise or demonstrate cause, this Court need not decide whether petitioner suffered actual prejudice.  *Id.* at 495-496.

Vassar also asserts a claim of "actual innocence" in Ground Ten of his Amended Petition.  He relies on the fact that "[t]he prosecutor's own forensic expert stated she found DNA from an unknown female in the complainant's [sic] underwear.  A hair expert testified to finding two pubic hairs exhibiting caucasian characteristics in the complainant's [sic] underwear.  The complainant [sic] and appellant are both African American."  Am. Pet. at

---

[4]  Petitioner has not argued the Appellate Division's application of the preservation rule was inadequate to preclude federal habeas review.  Nor does the Court find anything in this record to conclude that the Appellate Division's application of the rule in this case was an "exorbitant misapplication" that does not serve a "legitimate state interest."  *Downs*, 657 F.3d at 102 (citing *Walker v. Martin*, 562 U.S. 307 (2011); *Lee v. Kemna*, 534 U.S. 362 (2002)).

[5]  The ineffectiveness of counsel for not preserving a claim in state court may be sufficient to show cause for a procedural default, but only when counsel's performance was so ineffective that the representation violated the petitioner's Sixth Amendment right to counsel.  *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

21.

As respondent correctly argues, however, Vassar's argument is not based on any new evidence; the DNA evidence petitioner references was actually introduced during the trial. Resp. Mem. at 34. To the extent petitioner is arguing that the evidence was insufficient, or that his rape conviction was against the weight of the credible evidence, such claims do not constitute "new evidence" as that term is defined by the Supreme Court. *McQuiggin*, 133 S.Ct. at 1928; *Dunham,* 313 F.3d at 730. In sum, petitioner fails to identify any new evidence of factual, actual innocence. He has therefore failed to set forth a credible claim of actual innocence such that failure to review these claims would result in a "miscarriage of justice." *House*, 547 U.S. at 536-539; *Schlup*, 513 U.S. at 327.

### B. Claims not cognizable on Habeas Review

Further, the following claims raised in the Amended Petition are not cognizable on habeas review: (1) the indictment was defective because the prosecutor presented "prejudicial and inadmissible evidence before the Grand Jury" (Ground Two); (2) petitioner's conviction was against the weight of the evidence (Ground Six), and; the sentence was "unduly harsh and excessive" (Ground Eight). Dkt. No. 39, Am. Pet.

#### 1. Claims relating to the Grand Jury and Indictment

Vassar claims in Ground Two of the Amended Petition that "[t]he indictment should be dismissed because the D.A. presented prejudicial and inadmissible evidence before the Grand Jury." Am. Pet. at 8. However, alleged errors in a grand jury proceeding, including sufficiency of the evidence presented, are not cognizable on habeas review. *See Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989) (any errors in grand jury proceeding, including

sufficiency of evidence, or use of misleading or prejudicial evidence, were cured by the petit jury's ruling convicting petitioner of the crimes charged in the indictment, and are not entitled to habeas relief) (citing *United States v. Mechanik*, 475 U.S. 66, 70 (1986)).

Indictment by a grand jury is a right granted by the New York State Constitution (N.Y. Const. Art. 1, § 6), and there is no corresponding right to a grand jury found in the United States Constitution. *See Bransburg v. Hayes*, 408 U.S. 665, 688, n 25 (1972) (the right to "indictment by grand jury is not part of the due process of law guaranteed to state criminal defendants by the Fourteenth Amendment); *LanFranco v. Murray*, 313 F.3d 112, 118 (2d Cir. 2002) (noting the Fifth Amendment right to an indictment by a grand jury does not apply to the states as it is not incorporated by the due process clause of the Fourteenth Amendment). Accordingly, claims based on alleged defects in state grand jury proceedings are not cognizable on habeas review. *see e.g. Rivers v. Costello*, No. 9:08-CV-107 (TJM/RFT), 2011 WL 4592041, at * 9 (N.D.N.Y. Sept. 9, 2011) (Petitioner's claim regarding the validity of evidence presented to the grand jury "does not present a federal question and is therefore not cognizable on federal *habeas* review.") (emphasis in original). Accordingly, Vassar's claim relating to the sufficiency of the indictment is therefore denied and dismissed.

## 2. Weight of the Evidence

Vassar raised his weight of the evidence claim on direct appeal, and the Appellate Division rejected it on the merits. *Vassar*, 30 A.D.3d at 1052. Petitioner raises the same claim in Ground Six of his Amended Petition. Am. Pet. at 14. Petitioner's weight of the evidence claim, however, is grounded in New York's Criminal Procedure Law, Section 470.15(5), which permits an appellate court in New York to reverse or modify a conviction

where it determines "that a verdict of conviction resulting in a judgment was, in whole or in part, against the weight of the evidence."  C.P.L. § 470.15(5).

Since weight claims are based on state criminal procedure law, they are not cognizable on federal habeas review.  *See* 28 U.S.C. § 2254(a) (permitting federal habeas corpus review only where the petitioner has alleged that he is in state custody in violation of "the Constitution or a federal law or treaty."); *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'") (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)); *McKinnon v. Sup't Great Meadow Corr. Fac.*, 422 F. App'x 69, 75 (2d Cir. 2011) ("the argument that a verdict is against the weight of the evidence states a claim under state law, which is not cognizable on habeas corpus"); *Clairmont v. Smith,* No. 9:12-CV-1022 (GTS/TWD), 2015 WL 5512832 at *18  (N.D.N.Y. Sept. 16, 2015) (The petitioner's argument that the verdict was against the weight of the evidence "states a claim only under state law, [and] is not cognizable on habeas corpus.").  Accordingly, Vassar"s weight of the evidence claim is therefore denied and dismissed.

### 3. <u>Petitioner's Sentencing Claim</u>

Vassar maintains his sentence was "unduly harsh and excessive" in Ground Eight of his Amended Petition.  Am. Pet. at 18.  Specifically, petitioner argues that, had he "taken the plea deal, he would have received just seven years to satisfy all the count[s].  He was sentenced to over three times what the plea deal was."  *Id.*  Petitioner raised this claim on direct appeal, and the Appellate Division rejected it stating, "[t]he mere fact that defendant was ultimately sentenced to a term of incarceration greater than that offered as a part of the

plea bargain does not render his sentence [unduly harsh or severe.]" *Id.* (quoting *People v. Bradley*, 184 A.D.2d 1041 (App. Div. 4th Dep't 1992)).

It is well settled that an excessive sentence claim may not be raised as grounds for federal habeas corpus relief if the sentence imposed was within the range prescribed by state law. *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992); *Bellavia v. Fogg*, 613 F.2d 369, 373 (2d Cir. 1979) (setting mandatory sentences is solely the province of state legislature); *Lane v. Graham*, No. 9:14-CV-1261 (JKS), 2016 WL 154111, at *13 (N.D.N.Y. Jan. 12, 2016) (holding that an excessive sentence claim does not present a federal question cognizable on habeas review where the petitioner does not dispute the sentence was within the range prescribed by law).

Here, Vassar does not dispute that his sentence fell within the state's statutory guidelines, and therefore, his harsh and excessive sentence claim is not cognizable on federal habeas review. *See White*, 969 F.2d at 1383; *Lane*, 2016 WL 154111, at *13.

To the extent that Vassar's reference to his rejection of the plea offer could be construed as a claim that his sentence was retaliatory, such a claim is also without merit. The Supreme Court has determined that due process is violated when a penalty is imposed upon a person who elects to exercise a constitutionally protected right, including the right to have a jury trial in a criminal case. *See Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978).

"However, the mere fact that the sentence imposed following trial is greater than the offer made during plea negotiations, does not indicate that a petitioner has been punished for exercising his right to proceed to trial." *Walker v. Walker*, 259 F.Supp.2d 221, 226 (E.D.N.Y. 2003) (citing *United States v. Araugo*, 539 F.2d 287, 292 (2d Cir. 1976)); *see also Lane,*

2016 WL 154111, at *13 (holding that the difference between the 17-year plea offer rejected by petitioner prior to trial and the 50-year maximum sentence ultimately imposed did not, by itself, suggest vindictiveness by the trial court); *Naranjo v. Filion*, No. 1:02-CV-5449, 2003 WL 1900867, at *9-10 (S.D.N.Y. Apr. 16, 2003) (finding the disparity between the prosecution's pretrial plea offer of 5 to 10 years and his subsequent sentence of 25 to 50 years did not suggest vindictiveness).

Here, while Vassar ultimately received a determinate maximum term of 25 years imprisonment – longer than the 7-year plea deal he rejected prior to trial – petitioner has not pointed to any proof in the record suggesting that vindictiveness or other improper criterion influenced the trial court's decision when sentencing petitioner. Accordingly, petitioner cannot prevail on his sentencing claim.

### C. Merits of Petitioner's remaining ineffective assistance of counsel claims

Vassar's remaining claims allege that his trial counsel and appellate counsel were ineffective as follows: (1) trial counsel was ineffective for failing to object to various instances of prosecutorial misconduct (Ground One); (2) trial counsel was ineffective for opening the door to prejudicial and inadmissible medical evidence (Ground Nine); and (3) appellate counsel was ineffective for failing to raise additional grounds of trial counsel's ineffectiveness and failing to raise the issue of prosecutorial misconduct (Ground Eleven). Am. Pet. at 6, 19, 23. For the reasons set forth below, petitioner's claims lack merit and are denied and dismissed.

### 1. Standard of Review

To demonstrate constitutionally ineffective assistance of counsel, a petitioner must show "both deficient performance by counsel and prejudice." *Premo v. Moore*, 562 U.S. 115, 121-122 (2011) (*quoting Knowles v. Mirzayance*, 556 U.S. 111, 122, 129); *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Deficient performance requires a showing that counsel's performance fell below an objective standard of professional reasonableness. *Id.*; *Harrington v. Richter,* 562 U.S. 86, 104 (2010). "*Strickland* does not guarantee perfect representation, only a reasonably competent attorney." *Richter*, 562 U.S. at 110 (quoting *Strickland*, 466 U.S. at 687) (internal quotation marks and further citation omitted).

A petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance ... [and] that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even assuming a petitioner can establish counsel was deficient, he still must demonstrate prejudice. *Id.* at 693-694. This requires more than showing "the errors had some conceivable effect on the outcome," but that the counsel's errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687, 693.

Meeting this burden is "never an easy task" and "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Premo*, 562 U.S. at 122 (quoting *Richter*, 562 U.S. at 89, 105) (internal quotation marks omitted).

When reviewing a state court's decision under section 2254, "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard

16

was incorrect but whether that determination was unreasonable-a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (internal quotation marks and citation omitted).

Federal habeas courts "must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d)" because "[w]hen §2254(d) applies, the question is not whether counsel's actions were reasonable." *Richter*, 562 U.S. at 105. Instead, "the question is whether there is any reasonable argument that counsel satisfied *Strickland* 's deferential standard." *Id.* Finally, it is "difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy." *Richter*, 562 U.S. at 111.

## 2. Ineffective Assistance of Trial Counsel

Vassar contends his trial counsel was ineffective because (1) counsel "failed to object and thereby preserve the instances of prosecutorial misconduct that occurred throughout the trial," and (2) counsel erroneously "opened the door to prejudicial and inadmissible medical evidence." Am. Pet. at 6, 19. For the reasons that follow, petitioner's claims are denied and dismissed.

### a. Ineffective assistance of Trial Counsel - Claim One

On direct appeal, Vassar argued that his trial counsel provided ineffective assistance when he failed to object to the prosecution's improper cross-examination of petitioner, and failed to object to portions of the People's summation. SR at 136-149, 157-158. The Appellate Division rejected this claim on the merits, stating that petitioner "failed to demonstrate the absence of strategic or other legitimate explanations for [defense] counsel's

failure to object at various points during the trial, and thus, it will be presumed that [defense] counsel acted in a competent manner and exercised professional judgment in failing to object." *Vassar*, 30 A.D.3d at 1051 (internal quotations omitted). The Appellate Division also noted that petitioner's counsel "presented a coherent defense consistent with the claim of defendant that he did not have sexual intercourse with the victim" and otherwise provided "meaningful representation." *Id.* at 1052.

In the context of a habeas petition, the question is not whether counsel's failure to object constituted ineffective assistance, but whether the Appellate Division unreasonably concluded that it was not ineffective assistance. *See Richter*, 562 U.S. at 101 ("The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.").

After careful review, the Appellate Division's decision was not contrary to, or an unreasonable application of, *Strickland*. Vassar has not rebutted "'the strong presumption' that counsel's attention to certain issues to the exclusion of others reflect[ed] trial tactics rather than 'sheer negligence.'" *Richter*, 562 U.S. at 109 (quoting *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003)); *accord United States v. Cohen*, 427 F.3d 164, 170-171 (2d Cir. 2005) ("[D]ecisions such as when to object and on what grounds are primarily matters of trial strategy and tactics, and thus are virtually unchallengeable absent exceptional grounds for doing so.") (internal quotation marks omitted).

For instance, Vassar's counsel objected to various portions of the prosecution's cross-examination of petitioner. Counsel's decision to refrain from objecting further does not mechanically require a finding of ineffective assistance. Instead, any further objections may have only served "to highlight for the jury the argument that counsel found

18

objectionable." *Bierenbaum v. Graham*, 607 F.3d 36, 57-58 (2d Cir. 2010).

Furthermore, Vassar has not shown that his counsel's failure to object to comments made by the prosecution during her summation amounted to ineffective assistance. To obtain habeas relief based on a claim of prosecutorial misconduct during summation, the petitioner must demonstrate that "the misconduct 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *O'Halloran v. Gonyea*, No. 9:11-CV-0346 (GTS/TWD), 2015 WL 93716, at *37 (N.D.N.Y. Jan. 7, 2015) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

The petitioner must demonstrate that the prosecutor engaged in "egregious misconduct . . . amount[ing] to denial of constitutional due process" (*Donnelly*, 416 U.S. at 647-648), and that he suffered actual prejudice "because the prosecutor's comments . . . had a substantial and injurious effect or influence in determining the jury's verdict." *Bentley v. Scully*, 41 F.3d 818, 824 (2d Cir. 1994).

On direct appeal, Vassar argued that the prosecution's summation included comments that inappropriately shifted the burden of proof to the defense, disparaged defense counsel, and that the prosecutor improperly commented on facts not in evidence and on the credibility of witnesses. SR at 136. A review of the record does not support petitioner's claims.

For instance, Vassar claimed the prosecutor "repeatedly attempted to shift the People's burden of proof" during the summation by referring to the "unfulfilled promises" made by the defense during his opening statement. SR at 141. Evaluating the challenged remarks in the context of the trial as a whole, however, the prosecution did not shift the burden of proof, but was simply commenting on the lack of proof presented to support the defense's theory of the case. *See Darden v. Wainwright*, 477 U.S. 168, 182 (1986) (finding

no substantial prejudice, in part because "[m]uch of the objectionable content was invited by or was responsive to the opening summation of the defense") (citing *United States v. Young*, 470 U.S. 1, 13 (1985); *O'Halloran,* 2015 WL 93716, at *37-38 (finding the prosecutor's comments during summation were based on testimony presented during trial and were "insufficient to 'infect' the proceedings."). The prosecution's remarks that defense counsel failed to fulfill certain "promises" he made during his opening statement were insufficient to "infect" the proceedings. *Donnelly*, 416 U.S. at 643.

Vassar also argued the prosecution's summation improperly included statements that the defense "want you to believe she made it all up." *Id.* at 141. These statements did not shift the burden of proof, but were clearly a response to defense counsel's opening and closing statements, during which counsel repeatedly asserted that the victim "lied about the rape" and "was making it up." *see e.g.,* Dkt. 53-4, at T 255 ("Why in blazes would an eleven year old make up something like this); Dkt. No. 53-6, at T 77-78 ("[I]f you make a determination that a witness lied about a material fact, then you are free to reject all of their testimony[. And] that's exactly what I'm asking you to do, because if [the victim] lied about the rape . . . which I think she did . . . she'd also lie about the sexual abuse."). "Courts in this Circuit have held that remarks similar to [the prosecution's] were not improperly made where they were in response to the defendant's summation." *Walker v. Bennet*, 262 F. Supp. 2d 25, 35 (W.D.N.Y. 2003).

Similarly, the prosecution's statement, "Don't get bogged down in would-a, could-a, should-a because this defense strategy should leave you ill convinced" (SR at 143, quoting Dkt. No. 53-6, at T 105), was a response to defense counsel's argument that the prosecution failed to run certain scientific tests. Dkt. No. 53-6, at T 105 ("[W]e can take CSI out of it, we

20

can take Law & Order out of it, this is not a who done it because that little girl looked at that man and said he did it.").

Finally, even if the prosecutor's remarks were improper, the remarks still fall short of the level of egregious misconduct necessary to warrant habeas relief. *Donnelly*, 416 U.S. at 647-48 (finding that prosecutor's "long and expectably hortatory closing argument" did not amount to the sort of "egregious misconduct . . . to amount to a denial of constitutional due process.").

The trial court informed the jury that the attorneys' arguments were not evidence, and provided instructions on the proper burden of proof. Dkt. No. 53-6, at T 65-66, 110-115, 124-130, 133-136. The Appellate Division's decision that there was no substantial likelihood that the result would have been different if trial counsel had objected during the summation, was neither unreasonable, nor contrary to, clearly established Supreme Court precedent. *Strickland*, 466 U.S. at 695; *see also Paige v. Lee*, No. 1:13-CV-1465, 2015 WL 1782299 at *6 (E.D.N.Y. Apr. 16, 2015) ("defense counsel's failure to object to the statements made by the prosecutor did not provide a complete and independent basis for the jury to find [p]etitioner guilty beyond a reasonable doubt.").

### b. Ineffective Assistance of Trial Counsel - Claim Two

In his amended petition, Vassar also argues that his trial counsel provided ineffective assistance when he "opened the door to prejudicial and inadmissible medical evidence." Am. Pet. at 19. However, petitioner did not raise this claim on direct appeal, but instead raised it in a New York C.P.L. § 440.10 motion to vacate the judgment. P-SR at 367-369. The trial court denied the claim as procedurally barred, holding that the Appellate Division previously rejected petitioner's ineffective assistance claim and that, "[t]o the extent

21

that defendant's claims in his motion go beyond what he claimed on appeal and are based on the record, the Court denies the defendant's motion pursuant to Criminal Procedure Law § 440.10(2)(c)."[6] P-SR at 368.

Vassar's second ineffective assistance of counsel claim is entirely record based, and could have been raised on direct appeal. Having failed to properly raise this claim in the proper court, the trial court dismissed it as procedurally barred pursuant to state law. Consequently, federal habeas review is precluded by an adequate and independent state ground, and petitioner's claim can only be reviewed if he can show cause for the default and resulting prejudice, or that the failure to review the claim will result in a "miscarriage of justice," i.e., that he is actually innocent. *House*, 547 U.S. at 536-539; *Maples*, 132 S.Ct. at 922; *Schlup*, 513 U.S. at 327 (1995).

Vassar has not alleged or shown cause for the default, and an independent review of the record dos not reveal one. Although petitioner maintains his appellate counsel was ineffective for failing to raise this ineffective assistance of counsel claim on direct appeal, as discussed below, the claim is without merit, and therefore does not serve as "cause" for a procedural default. *Murray*, 477 U.S. at 488-489. Therefore, having failed to raise or demonstrate cause, it need not be decided whether petitioner suffered actual prejudice. *Id.* at 495-496.

Furthermore, Vassar's claim of "actual innocence" was not based on new factual

---

[6] CPL § 440.10(2)(c) states, in relevant part, that the state court "must deny a motion to vacate a judgment" when "sufficient facts appear on the record" underlying the judgment which would "have permitted, upon appeal from such judgment adequate review of the ground or issue raised upon the motion, [but] no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise to raise such ground or issue upon an appeal actually perfected by him.

evidence unavailable during the trial and therefore, refusal to review this claim will not result in a "miscarriage of justice." *House*, 547 U.S. at 536-539; *Schlup*, 513 U.S. at 327. Accordingly, petitioner's ineffective assistance of counsel claim based on his counsel's alleged error in opening the door to prejudicial medical evidence is denied and dismissed.[7]

### 3. Ineffective Assistance of Appellate Counsel

Vassar argues in Ground Eleven of his Amended Petition that his appellate counsel was ineffective for failing to raise the following claims on direct appeal: (1) that the prosecution engaged in misconduct, (2) that trial counsel was ineffective for "opening the door to prejudicial and inadmissible medical evidence," and (3) that trial counsel was ineffective for "failing to conduct an investigation and/or consult a medical expert to conduct an investigation." Am. Pet. at 23. Petitioner asserted these claims in a motion for a writ of error coram nobis. SR at 506. The Appellate Division summarily rejected the motion, and the Court of Appeals denied leave to appeal. P-SR at 592-594, 607.

A claim of ineffective assistance of appellate counsel is reviewed under the same standard set forth in *Strickland v. Washington*, 466 U.S. 668. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) ("[T]he proper standard for evaluating [petitioner's] claim that appellate counsel was ineffective in neglecting to file a merits brief is that enunciated in *Strickland v. Washington*."); *Smith v. Murray*, 477 U.S. 527, 535-536 (1986) (Supreme Court applied *Strickland* to claim of appellate error); *Chrysler v. Guiney*, 806 F.3d 104, 117-118 (2d Cir. 2015).

---

[7] Even if the claim were not barred by independent and adequate state law grounds, no relief would issue. The trial court reviewed the claim in the alternative and found that "[petitioner] was provided with meaningful representation during his trial." P-SR at 368. The trial court's finding was not contrary to, or an unreasonable application of Supreme Court precedent. *Strickland v. Washington*, 466 U.S. 668 (1984).

To satisfy the rigorous *Strickland* standard when reviewing appellate counsel's performance, "it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made." *Giraldi v. Bartlett*, 27 F. App'x 75, 77 (2d Cir. 2001) (quoting *Clark v. Stinson*, 214 F.3d 315, 322 (2d Cir. 2000). A petitioner must show that appellate counsel's performance was "outside the wide range of professionally competent assistance," and that there is a "reasonable probability" that, but for the deficiency in performance, the outcome of the proceeding would have been different. *Id.* (quoting *Strickland*, 466 U.S. at 690).

### a. Ineffective Assistance of Appellate Counsel - Claim One

Vassar claims his appellate counsel failed to argue on direct appeal that the prosecution engaged in misconduct. Am. Pet. at 23.

As an initial matter, it bears noting that Vassar's appellate counsel did, in fact, include a lengthy argument on direct appeal that the prosecution engaged in misconduct. SR at 136-149. To the extent petitioner argues that appellate counsel should have challenged additional comments by the prosecution, the record shows the underlying remarks complained of were not objected to by petitioner's trial counsel, and therefore, were not preserved for appeal. As such, appellate counsel was not ineffective, but was in fact "prudent, as the raising of this frivolous argument may well have distracted from other, more meritorious issues urged by appellate counsel." *Brunson v. Tracy*, 378 F. Supp.2d 100, 113 (E.D.N.Y. 2005) (citing *Jones v. Barnes*, 463 U.S. 745, 752 (1983)); *Aparicio v. Artuz*, 269 F.3d 78, 96 (2d Cir. 2001) (finding that any effort by the petitioner's appellate counsel to raise an argument that his constitutional protection against double jeopardy had been violated

24

"would have been futile because the argument had already been waived by trial counsel's failure to raise the objection.").  Accordingly, petitioner's claim that his appellate counsel was ineffective for failing to raise the issue of prosecutorial misconduct is denied and dismissed.

### b. <u>Ineffective Assistance of Appellate Counsel - Claim Two</u>

Vassar argues his appellate counsel failed to argue that trial counsel was ineffective for opening the door to prejudicial and inadmissible evidence.  Am. Pet. at 23.

Vassar's "door-opening" claim is based on defense counsel's cross-examination of Nurse Nancy Mitchell.  During his examination, defense counsel asked if Ms. Mitchell had found any evidence of a "healing hymen" during her medical examination of the victim the day after the alleged rape.  Dkt. No. 53-5 at T 130-131.  Ms. Mitchell replied that she observed an area of the hymen that was "healing," but she could not tell how old the tear was.  *Id.*  On redirect, and over defense counsel's objection, Ms. Mitchell testified that during her examination of the victim, she "found an indentation at the five o'clock position on the hymen which appeared to be a healed tear in that area."  *Id.* at T 135.

Based on a review of the transcripts, one of the defense counsel's theory of the case was to suggest that the victim had engaged in sexual intercourse with someone else shortly before the date of the incident, and that she was lying about petitioner's actions.  Defense counsel relied on Ms. Mitchell's testimony to support this theory and, during his summation, argued that it was only "common sense" for the jury to conclude that Vassar "couldn't have been" responsible for tearing the victim's hymen because the victim "was examined less than twenty-four hours" after the incident, yet the "healing process" likely takes "a week or two." Dkt. No. 53-6, at T 75.  In other words, the trial testimony petitioner complains of was not damaging to his case, but was strategically used by his trial counsel to benefit petitioner

25

and suggest that the victim had sex with someone else.

Given the strategic basis for trial counsel's cross-examination of Ms. Mitchell, appellate counsel's decision not to raise this claim on direct appeal did not fall below an objective standard of reasonableness. Since Vassar has failed to establish his appellate counsel's performance was deficient under the first prong of *Strickland*, there is no need to address the second prong (i.e., prejudice). *Strickland*, 466 U.S. at 697 (holding there is no reason for a Court to "address both component[s] of the [*Strickland*] inquiry if the defendant makes an insufficient showing on one."). The Appellate Division's decision rejecting this claim was not contrary to, or an unreasonable application of *Strickland*, and the claim is therefore denied and dismissed.

### c. Ineffective Assistance of Appellate Counsel - Claim Three

Finally, Vassar maintains his appellate counsel should have argued that trial counsel was ineffective for "failing to conduct an investigation and/or consult a medical expert to conduct an investigation." Am. Pet. at 23. Petitioner raised this claim in his motion for a writ of error coram nobis, which the Appellate Division summarily rejected. P-SR at 592-594. Again, the Appellate Division's decision was neither contrary to, nor an unreasonable application of Supreme Court precedent.

First, Vassar's appellate counsel raised nine issues on direct appeal and submitted a forty-three page brief to support those arguments. Such representation does not generally give rise to a claim of "ineffective assistance" of appellate counsel. *Richter*, 562 U.S. at 111 (although an "isolated error can support an ineffective-assistance claim if it is sufficiently egregious and prejudicial, it is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy.") (internal quotations omitted).

Second, Vassar's appellate counsel had no reason to argue that trial counsel erred in not consulting medical experts or investigating, because such claims rely on matters outside the scope of the appellate record. Since "ineffective assistance claims based upon matters outside the record are not cognizable on direct appeal [in New York,] appellate counsel can hardly be faulted for failure to raise such a claim." *Sparks v. Burge*, No. 7:06-CV-6965, 2009 WL 8690118, at *7 (S.D.N.Y. Sept. 23, 2012), *report adopted*, 2012 WL 4479250 (S.D.N.Y. Sept. 28, 2012) (internal citation omitted).

Furthermore, "[t]he decision whether or not to call an expert witness generally falls within the wide sphere of strategic choices for which counsel will not be second-guessed on habeas review." *Savinon v. Mazucca*, No. 1:04-CV-1589, 2005 WL 2548032, at *33 (S.D.N.Y. Oct. 12, 2005) (quoting *Stapleton v. Greiner*, 2000 WL 1207259, at *16 (E.D.N.Y. July 10, 2000) (citing *United States v. Kirsch*, 54 F.3d 1062, 1072 (2d Cir.), *cert. denied*, 516 U.S. 927 (1995)), adopted, 2006 WL 2669331 (S.D.N.Y. Sept. 18, 2006).

Although the Second Circuit has rendered decisions holding that a trial counsel was ineffective for failing to consult or call a medical witness to testify in a sexual abuse case, the facts of those cases are inapposite to the facts presented here. *Compare Gersten v. Senkowksi*, 426 F.3d 588 (2d Cir. 2005); *Eze v. Senkowski*, 321 F.3d 110 (2d Cir. 2003); *Pavel v. Hollins*, 261 F.3d 210 (2d Cir. 2001); *Lindstadt v. Keane*, 239 F.3d 191 (2d Cir. 2001). For instance, in *Gersten* and the prior Second Circuit cases cited therein, the petitioner established that defense counsel failed to consult with any expert medical witnesses. *Gersten*, 426 F.3d at 607–08; *Eze*, 321 F.3d at 128; *Pavel*, 261 F.3d at 223–24; *Lindstadt*, 239 F.3d at 201–02.

Here, defense counsel did retain an expert – a forensic hair expert – who testified on

Vassar's behalf during trial. Dkt. No. 53-5, at T 236-249. Defense counsel also effectively cross-examined the prosecution's medical witnesses "indicat[ing] that he educated himself regarding the relevant medical issues, unlike trial counsel in *Gersten*, 426 F.3d at 608-10; *Eze*, 321 F.3d at 129; *Pavel*, 261 F.3d at 224-25; and *Lindstadt*, 239 F.3d at 201-02." *Beauharnois v. Chappius*, No. 9:12-CV-1283 (FJS/ATB), 2015 WL 893091, at *25 (N.D.N.Y. Mar. 2, 2015); *see also Jackson v. Conway*, 763, F.3d 115, 154 (2d Cir. 2014) (having found that defense counsel properly reviewed the medical records prior to trial, the Second Circuit concluded the Appellate Division's decision rejecting petitioner's ineffective assistance of counsel claim was not an unreasonable application of *Strickland*).

Also unlike the petitioners in *Gersten* and *Pavel*, Vassar did not offer any evidence in the form of an expert affidavit or otherwise, raising any questions regarding the prosecution's medical testimony or proof an expert would have testified favorably on petitioner's behalf. *Id.* at *24-25. The only proof petitioner presented to the Appellate Division was an inadmissible 1994 internet article entitled, "Medical Considerations in the Diagnosis of Child Sexual Abuse," written by a physician in New Zealand. SR at 581-586.

Vassar has offered no admissible evidence from an expert describing how defense counsel erred or how further consultation and expert testimony would have affected the verdict. Consequently, petitioner's vague and conclusory allegations do not provide any basis to conclude that there was an expert who could have offered relative or probative evidence to counter the prosecution's proof. *See Beauharnois v. Chappius*, 2015 WL 893091, at *24-25. Trial counsel's decision not to call additional experts cannot be considered objectively unreasonable. Similarly, petitioner has not established prejudice since he has not shown a defense expert would have contradicted the prosecution's

28

evidence.

In sum, "[w]here trial counsel is not ineffective, failure to argue on appeal such ineffectiveness does not constitute ineffective assistance of appellate counsel." *Clendinen v. Unger*, No. 1:05-CV-7657, 2006 WL 2465176, at *10 (S.D.N.Y. Aug. 22, 2006) (citing *Aparicio*, 269 F.3d at 99, n.10). Accordingly, the Appellate Division's decision rejecting Vassar's claim that his appellate counsel was ineffective for failing to argue his trial counsel should have consulted with additional experts and investigated his case further was not "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding," or "contrary to, or ... an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). Accordingly, petitioner's claim is denied and dismissed.

## V.  **CONCLUSION**

Therefore, it is

ORDERED that

1.  The amended petition, Dkt. No. 39, is **DENIED AND DISMISSED**;

2.  No Certificate of Appealability ("COA") shall issue because petitioner failed to make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2);[8]

3.  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and

---

[8]  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *See Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, and (2) that the applicant has established a valid constitutional violation" (citation omitted)).

4.  The Clerk is directed to serve copies of this Decision and Order upon the parties in accordance with the Local Rules.

IT IS SO ORDERED.

_____
United States District Judge

Dated:  June 29, 2016
        Utica, New York.